UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMERICAN ECONOMY INSURANCE
COMPANY, ET AL.                          CIVIL ACTION

VERSUS                                   NUMBER 07-748-RET-SCR

BAYOU FABRICATED PRODUCTS,
INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 15, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMERICAN ECONOMY INSURANCE
COMPANY, ET AL.                         CIVIL ACTION

VERSUS                                  NUMBER 07-748-RET-SCR

BAYOU FABRICATED PRODUCTS,
INC., ET AL.

## MAGISTRATE JUDGE'S REPORT

Before the court is a Motion for Summary Judgment filed by plaintiff American Economy Insurance Company. Record document number 31. The motion is opposed by defendants Zurich American Insurance Company and Milton J. Womack, Inc.[1]

Plaintiffs American Economy Insurance Company and American States Insurance Company filed this action to determine whether an insurance policy provided coverage for damages resulting from a fire that occurred at the O'Brien House on July 24, 2007. The O'Brien House is a multi-building facility which provides various services to recovering alcoholics and drug addicts. Defendants Bayou Fabricated and Womack were in the process of constructing a single room occupancy building (hereafter, the SRO building) at the O'Brien House complex. A Bayou Fabricated employee was welding metal stairs to the SRO building when sparks from a welding torch ignited tar paper and other flammable materials on the site and

---

[1] Record document number 32.

caused the fire.

Plaintiffs issued an insurance policy to defendant Bayou Fabricated for commercial general liability coverage. Defendant Womack was the general contractor on the SRO building project and an additional insured under the policy. The policy was subject to a Multi-Unit and Tract Housing Residential Exclusion endorsement (hereafter, the Residential Exclusion). The Residential Exclusion provides:

> This insurance policy does not apply to:
>
> **Multi-Unit and Tract Housing**
>
> "Bodily injury," "property damage," or "personal advertising liability" arising out of any "construction operations" whether ongoing operations or operations included within the products-completed operations hazard that involve a "housing tract" or "multi-unit residential building."[2]

The Residential Exclusion defined a "multi-unit residential building" as follows:

> "Multi-unit residential building" means condominiums, townhouses, apartments, dormitories or similar structures that have more than four (4) units built or used for the purpose of residential occupancy, at the same location or complex, regardless of the number of buildings.[3]

Plaintiffs sought a declaratory judgment finding that the Residential Exclusion precluded a duty to defend and coverage under the policy for any claims arising out of the July 24 fire.

---

[2] Record document number 31-6, exhibit 1, Multi-Unit and Tract Housing Residential Exclusion (A)(2).

[3] *Id.*, ¶ B.

Plaintiff American Economy moved for summary judgment and argued that the Residential Exclusion is applicable, thus the damages resulting from the fire are not covered by the policy. Plaintiff argued that the Residential Exclusion is unambiguous and that the SRO building fits within the definition of a "multi-unit residential building" in the exclusion. Specifically, the plaintiff asserted that the SRO building is a dormitory or similar structure, which is specifically included in the definition of a "multi-unit residential building."

Defendants argued that the SRO building was a group home that was used for institutional purposes, rather than a residential facility. In the alternative, the defendants argued that the SRO building was utilized as a mixed-use buildings, which is not included under the Residential Exclusion.

## Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury

that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). The parties agree that Louisiana law applies. In Louisiana, "[a]n insurance policy is a contract between the parties and should be construed according to the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007), *citing*, *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003). Interpretation of a contract requires determination of the common intent of the parties. La. Civ. Code Ann. art. 2045. "'The words of a contract must be given their generally prevailing

4

meaning,' and '[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.'" *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 954 (5th Cir. 2009), *citing*, La. Civ. Code Ann. arts. 2046-47. An insurance policy is construed "according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." LSA-R.S. 22:881.

When the language of an insurance policy is clear, the courts do not have the authority to alter its terms under the pretext of interpretation. *Coleman v. School Bd. of Richland Parish*, 418 F.3d 511, 518 (5th Cir. 2005). A contract is ambiguous if after applying the rules of contract interpretation, the contract is uncertain as to the parties' intent and susceptible to more than one reasonable interpretation. *Riverwood Intern. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). If there is any ambiguity within an exclusionary provision or the policy as a whole it must be construed against the insurer and in favor of coverage. *Coleman*, 418 F.3d at 517, *citing*, *Mayo v. State Farm Mut. Auto. Ins. Co.*, 2003-1801 (La. 2/25/04), 869 So.2d 96, 100. At the same time, the rule of strict construction does not permit a perversion of language or the exercise of inventive powers to create ambiguity where none exists. *Cochran v. B.J. Services Co. USA*, 302 F.3d 499,

5

502 (5th Cir. 2002).

Whether contract language is clear or ambiguous is a question of law. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007). The insurance provider has the burden of proving that an exclusion unambiguously applies. *Cochran*, 302 F.3d at 502.

## Analysis

A review of the record in light of the applicable law demonstrates that the plaintiff has met its burden of showing that the Residential Exclusion precludes coverage under the American Economy policy. The undisputed facts established that the SRO building consists of three floors with 32 separate living quarters, each housing one resident per living quarter.[4] Each floor has a shared kitchen, dining area, and bathroom facility.[5] The living units are furnished similar to college dormitory rooms.[6] Based on these facts, there is no genuine dispute that the SRO building is a dormitory or similar structure.

Because the SRO building is only one unit of the O'Brien House complex, the applicability of the Residential Exclusion is dependent on whether the building is used for the purpose of

---

[4] Record document number 31-9, exhibit 4, deposition of Katherine Martin, pp. 11-12.

[5] *Id.* at 12.

[6] *Id.*

residential occupancy. The executive director of the O'Brien House, Katherine Martin, testified that residents of the SRO building have completed the O'Brien House's six-month recovery program, become stabilized in their recovery, and seek transitional supportive housing.[7] They apply to live in the SRO building, and upon acceptance, execute a lease agreement.[8]

Unlike the persons who are still in the six-month recovery program, the SRO building residents live independently and are responsible for their own meals and other requirements of daily living.[9] Residents are not restricted from leaving the SRO building.[10] The SRO building does not contain any administration offices.[11] Martin also specifically testified that the SRO building is a residential building and only provides housing for the residents.[12]

There is no genuine dispute that the SRO building serves a residential purpose. The residents of the SRO building choose this option so they may be surrounded by similarly situated individuals and have easier access to the O'Brien House programs which take

---

[7] *Id.* at 14.

[8] *Id.*

[9] *Id.* at 16-17.

[10] *Id.*

[11] *Id.* at 13.

[12] *Id.* at 17-18.

place elsewhere on the campus. Thus, the SRO building serves only a residential purpose.

Defendants' reliance on the descriptions in the SRO building city permit,[13] city zoning laws, and International Building Code classifications is unpersuasive.[14] While the SRO building permit states that it is a group home, the permit also classifies the building as R1 under the Residential Group Section of the International Building Code.[15] The fact that the SRO building is located in a Zone C2 Heavy Commercial District is inconsequential because the defendants have not shown that residential buildings are prohibited in that district or that the SRO building could not have been constructed in a different district.[16]

---

[13] Building Permit issued December 28, 2006, Project Number B-200614596. Record document number 32-4, exhibit A, Martin deposition (attached exhibit Martin 10).

[14] Record document number 32-10, exhibit E, International Building Code 2006, Section 310.1.

[15] *Id.* Section 308.1 of International Building Code 2006 states:
> Institutional Group I occupancy includes, among others, the use of a building or structure, or a portion thereof, in which people are cared for or live in a supervised environment, having physical limitations because of health or age are harbored for medical treatment or other care or treatment,...

[16] Defendants cited § 8.210a C2 Heavy Commercial District and asserted that the Unified Development Code does not authorize construction of multi-unit residential buildings such as apartments, dormitories, townhouses or condominiums in the C2 district. However, a review of that section does not establish such a prohibition. Record document number 32-11, exhibit F.

With respect to the SRO building's institutional classification under the International Building Code, the undisputed summary judgment evidence shows that the residents are not restricted from leaving and live independently. The rules and/or restrictions imposed upon the SRO building residents, such as those prohibiting the use of alcohol and firearms, do not establish a supervised environment for purposes of institutional classification since other residential facilities, such as school dormitories, often impose similar restrictions. As discussed in the magistrate judge's report on the defendants' motions for summary judgment, the cases cited in support of their positions are not controlling, distinguishable and unpersuasive.[17]

Defendants alternative mixed-use argument is equally unconvincing since it is not supported by controlling or persuasive case law. Defendants also failed to provide evidence demonstrating that the SRO building was a mixed-use facility.

Plaintiff has established that no genuine issue of material fact exists with regard to the SRO building's residential occupancy purpose. Accordingly, the Residential Exclusion precludes coverage under the American Economy insurance policy for the damages

---

[17] Record document number 43, pp. 9-11, (discussing *Morristown Memorial v. Wolcom Mortgage & Realty Co.* 469 A.2d 515 (N.J.Super.A.D. Dec. 20, 1983); *Connors v. The Zoning Hearing Board of Chippewa Township*, 491 A.2d 304 (Pa.Cmwlth. 1985); *Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.,* 806 N.Y.S.2d 53 (N.Y.A.D. 1 Dept. 2005); *and  Brend Contracting Corp. v. United National Insurance Co.*, 2006 WL 2851621 (N.Y.Sup. June 23, 2006)).

9

resulting from the July 24 fire.

## **Recommendation**

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed by plaintiff American Economy Insurance Company be granted.

Baton Rouge, Louisiana, September 15, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE